■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO POLANCO, Appellant.—Judgment, Supreme Court, New York County, rendered October 29, 1975, convicting defendant, upon a plea of guilty, of attempted possession of a weapon in the third degree, reversed, on the law, the motion to suppress evidence granted, and the indictment dismissed. Defendant entered his guilty plea after denial of his motion to suppress, which determination is now presented for review. Study of the record impels the conclusion that the instant case is completely analogous in critical and relevant respects to the factual situation presented in *People v La Pene* (40 NY2d 210, 221). In the case at bar, the hearing court made the following findings of fact. On Sunday morning, at 1:30 A.M., Officers Kennedy and Rodelli, while on duty in a patrol car, received the following radio communication: "Investigate. Man with gun. West 140th Street and Broadway. Owner, Adams Bar, one male, white Hispanic, wearing a black suit and glasses;" the officers proceeded to the Eden Bar because they knew that the bar on Broadway and 140th Street was so named; they peered through the unobstructed front window and observed about 10 people in the bar (defense witnesses testified that there were between 20 and 25 persons and the officers admitted that there may have been more than 10 patrons); closest to the window, with his back to it, was defendant herein and he was the only person who matched the description—dark suit and glasses; the officers entered the bar and Patrolman Kennedy testified that defendant was engaged in loud conversation, in Spanish, with another person at the bar; the officers observed no bulges or other indication that Polanco was armed; Polanco was not acting suspiciously nor did he make any furtive movements; the officers asked no questions and the situation confronting the

officers "was not one fraught with tension or hostility" *(LaPene, supra,* p 226); and Patrolman Kennedy approached Polanco from behind, placed his hands on defendant's hips and felt a hard object which he believed was a gun. Patrolman Kennedy then removed a fully loaded and operable pistol. As indicated above, the factual situation in the instant case is analogous to that of *LaPene.* In both cases, police officers responded to anonymous tips containing a vague description of a man with a gun in a public bar; in both cases the officers observed no bulges or suspicious or furtive behavior on the part of the respective defendants nor was the situation in the respective bars "fraught with tension or hostility;" and, in both cases, the officers, without making inquiry, simply approached the first person matching the vague description and precipitately frisked him. The officers made no genuine attempt to ascertain that Polanco was the only man in the bar with a dark suit and glasses. They simply peered through the window and when they saw Polanco, the first one to match the rather vague description, they entered the bar and precipitately frisked him. Defendant's loud conversation at the bar of itself, in the absence of his doing anything suspicious or acting in a threatening or menacing manner when the police entered the bar, did not justify the precipitate frisk. Concur—Markewich, J. P., Murphy, Lupiano and Capozzoli, JJ.; Nunez, J., dissents and votes to affirm the conviction for the reasons stated by McQuillan, J., at the suppression hearing.